**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KENDEL MAYS,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  04-4238-GPM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NO. 01-CR-40058** |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This action is before the Court on Petitioner's motion for reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 6).  Such a motion may only be granted if movant shows that there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In his motion, Petitioner argues that the waiver provisions in his plea agreement do not preclude this 28 U.S.C. § 2255 motion claiming ineffective assistance of counsel.  However, Petitioner's allegations regarding counsel's performance primarily relate to various aspects of the sentence imposed.  In his original motion (Doc. 1), he claims that counsel was ineffective in not properly challenging the Presentence Investigation Report regarding his military court martial or a prior state conviction used to enhance his sentence.  In his motion to supplement (Doc. 2), he argues that counsel was ineffective in failing to properly object to the Court's calculation of his relevant conduct; he also argues that counsel was ineffective in failing to properly object to an additional

two-point enhancement because Petitioner was on probation at the time he committed the instant offense.  Finally, in his motion to amend (Doc. 3), he argues that counsel was ineffective in failing to file a notice of appeal, although the plea agreement specifically waives the right to appeal his sentence.

Petitioner also contends that the Court overlooked his allegation on page 4 of his § 2255 motion in which he claims that counsel was ineffective in failing to object to the Government's breach of the plea agreement.  The Court has carefully reread every word of that document, and no such allegation appears on page 4, or anywhere else, within the § 2255 motion (*see* Doc. 1).  Nor does such an allegation appear anywhere within the motion to supplement (*see* Doc. 2) or in his motion to amend (*see* Doc. 3).

Upon review of the record, the Court remains persuaded that Petitioner's § 2255 motion challenging various aspects of his sentence is barred by the waiver provisions of his plea agreement. Therefore, the instant motion to reconsider (Doc. 6) is **DENIED**.  Likewise, his motion to conform judgment (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  05/31/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge