IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENDEL MAYS,** | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 04-4238-GPM |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | CRIMINAL NO. 01-40058-GPM |
| | ) | |
| Respondent/Plaintiff. | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This action is before the Court on Petitioner's second motion for reconsideration (Doc. 9). In this motion, Petitioner argues that the Court's Order dated May 31, 2005 (Doc. 8) was incorrect in two ways.

First, he claims that although he waived his right to appeal or to challenge his sentence, he did not waive the right to appeal his actual conviction. Petitioner is correct in his assertion that he did not waive the right to appeal the fact of his conviction. However, as the Court pointed out in its May 31 Order, "Petitioner's allegations regarding counsel's performance primarily relate to various aspects of the sentence imposed." Nothing in his Section 2255 motion (Doc. 1) or in either of his motions to amend (Docs. 2, 3) presents a challenge to the fact of his conviction. Rather, all issues raised go towards the calculation of his sentence, and Petitioner did waive his right to any appeal or collaterally challenge any aspect of his sentence. Therefore, this first argument is without merit.

Petitioner's second contention is that the Court erred in stating that "no such allegation" is made regarding a claim "that counsel was ineffective in failing to object to the government's breach

of the plea agreement." In support of this argument, Petitioner attaches page 4 of his Section 2255 motion, upon which such an argument clearly appears. The Court has once again examined the Court's record of this case, and an administrative error has been discovered.

Petitioner may not be aware that this District has implemented a policy of electronic filings. For those who do not have access to a computer and the internet, the pleadings that they mail to the Clerk for filing are scanned into an electronic file, making those pleadings available without need for the Court to handle the paper file. There is no page 4 of the Section 2255 motion in the scanned version. However, that page does exist on paper in the file. Apparently that page was not properly scanned, and the Court apologizes to Petitioner for this administrative oversight.

As for the merits of that claim, Petitioner argues that counsel was ineffective in failing to object to the Government's breach of the plea agreement. The rationale behind this argument is twofold. First, Petitioner is upset that his sentence was enhanced due to "his prior unrelated conviction and Military Court Martial." However, the plea agreement specifically states that his final calculation of his criminal history "will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing." (Plea Agreement at ¶ II.7.)

Second, he believes that the Government breached the plea agreement by "failing to file the promised Rule 35(b) motion on [his] behalf." Again, the plea agreement contradicts this claim by stating that any such motion may be filed "in the sole discretion of the United States Attorney" and "will <u>only</u> be filed if the assistance rendered by the Defendant is found to be complete and <u>thoroughly</u> <u>truthful</u> . . . ." (Plea Agreement at ¶ II.10, emphasis in original.) Where a plea agreement vests the United States Attorney with "sole discretion" to move for a departure, the

Government does not breach that agreement when it declines to move for a departure because the Government has not promised to make a motion for a sentence reduction. *United States v. Lezine*, 166 F.3d 895, 902 (7th Cir. 1995); *see also United States v. Burrell*, 963 F.2d 976, 985 (7th Cir. 1991); *United States v. King*, 62 F.3d 891, 894 (7th Cir. 1995). In such a situation, the Government is simply affirming "its discretion to move for a departure if it determined that the defendant had provided substantial assistance." *Lezine*, 166 F.3d at 902; *see also Burrell*, 963 F.2d at 985.

In summary, although the Court was unaware of the claim Petitioner presented on Page 4 of his Section 2255 motion, that argument is unavailing. Accordingly, the Court remains persuaded that Petitioner's Section 2255 motion challenging various aspects of his sentence is barred by the waiver provisions of his plea agreement. Therefore, the instant motion to reconsider (Doc. 9) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: 02/21/06

    s/ G. Patrick Murphy
    G. PATRICK MURPHY
    Chief United States District Judge