IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDEL MAYS, | ) |
| | ) |
|       Petitioner/Defendant, | ) |
| | ) |
| vs. | )   CIVIL NO.  04-4238-GPM |
| | ) |
| UNITED STATES OF AMERICA, | )   CRIMINAL NO. 01-40058-GPM |
| | ) |
|       Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On February 21, 2006, the Court denied Petitioner's second motion for reconsideration (*see* Docs. 9, 17). That same day, Petitioner filed a motion for leave to proceed *in forma pauperis* on appeal (Doc. 18), which the Court granted on March 8, 2006 (Doc. 20). Before the Court now is Petitioner's ***third*** motion to reconsider (Doc. 21), filed March 6th but not entered on the docket until March 9th. In this motion, Petitioner challenges the Court's February 21st ruling.

Petitioner's filing of a notice of appeal (Doc. 10) transferred jurisdiction over this matter to the United States Court of Appeals for the Seventh Circuit. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the

case is 'in' the court of appeals, and any action by the district court is a nullity." *Kusay*, 62 F.3d at 193, *citing United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); *accord Zaklama v. Mt. Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice & Procedure § 3949 at 359 (1977). Consequently, this Court is without jurisdiction to consider Petitioner's pleadings, and the instant motion (Doc. 21) is **DISMISSED** for lack of jurisdiction.[1]

    **IT IS SO ORDERED.**

    DATED:  04/19/06

                                        s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        Chief United States District Judge

---

[1] *Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to "those aspects of the case involved in the appeal." A district court therefore may award attorneys' fees while the merits are on appeal, *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir. 1980), and may consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending, *Chrysler Motors Corp. v. International Workers Union*, 909 F.2d 248, 250 (7th Cir. 1990). A district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990). However, Petitioner's motion is not such an "ancillary question."